UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------x

JUAN GONZALEZ,

        Plaintiff,                      MEMORANDUM
                                           AND ORDER
  -against-                            05-CV-2359(DGT)

ALLIED BUILDING PRODUCTS CORP.,

        Defendant.
-------------------------------x

TRAGER, District Judge:

On April 21, 2005, plaintiff filed an action with the Supreme Court of New York, County of Richmond alleging personal injuries suffered while working at a construction site controlled by defendant Allied Building Products Corp. Plaintiff seeks to recover $10,000,000 for his injuries. On May 12, 2005, defendant filed a notice of removal in this court, alleging diversity of citizenship and an amount in controversy in excess of $75,000, thus meeting the statutory requirements for federal diversity jurisdiction under 28 U.S.C. § 1332.

On June 17, 2005, plaintiff filed a pre-motion conference letter requesting permission to file a motion to remand the case back to New York Supreme Court so that it can be consolidated with another action against other defendants pending there arising out of the same accident. In the alternative, plaintiff requests permission to move to consolidate the state case with the federal case. Defendant opposes remand, and by letter dated July 15, 2005 points out that plaintiff has neither timely moved

for remand nor provided an adequate cause for remand.

Under 28 U.S.C. § 1447(c), a motion for remand on the basis of any defect other than lack of subject matter jurisdiction must be filed within thirty days after the filing of the notice of removal.  See Advantage Title Agency, Inc. v. Rosen, 297 F. Supp. 2d 536, 540 (E.D.N.Y. 2003).  Even if plaintiff's letter request for pre-motion conference can be construed to operate as a motion for remand, it was filed more than thirty days after the notice of removal was filed.  Furthermore, in his letter, plaintiff does not argue that this court lacks subject matter jurisdiction, but rather argues that it would be more convenient to try this case with another case pending in state court.  Because this court has subject matter jurisdiction and because plaintiff failed to timely file a motion for remand, the request for remand is denied as untimely.

As to plaintiff's alternative request that the actions be consolidated in federal court, this court is without power to remove a pending state court action to federal court.

Dated:    Brooklyn, New York
          November 10, 2005

SO ORDERED:

    /s/
David G. Trager
United States District Judge